# United States District Court
### Northern District of California

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

JASON HART,

        Defendant.

Case No.:  CR 09-00827-3 SBA (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I.  BACKGROUND

On November 30, 2010, Jason Hart ("Hart") was sentenced to 45 months in custody and 3 years of supervised release for conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. §1349, a Class B felony. On November 21, 2012, Hart's conditions of supervised release were modified to include 200 hours of community service and complete 5 Victim Impact Panels by MADD, due to Hart driving under the influence of alcohol. Hart has been on supervised release since October 26, 2012.  Hart has 3 prior Forms 12, one of which was for submitting a positive drug test, failing to participate in drug testing, and committing another federal, state or local crime, which resulted in the revocation of his supervised release and a new sentence imposing 5 months in custody, 48 months of supervised release, and a condition that Hart reside in a halfway house for 3 months.

On July 11, 2014, Hart's probation officer, Constance Cook, filed a petition alleging that Hart violated two conditions of his supervised release, namely, the statutory condition that he shall not commit another federal, state or local crime and that he shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

In the petition, the probation officer specifically alleged that on June 29, 2014, the California Highway Patrol (CHP) noticed a 2014 Geo Prism traveling northbound on Interstate

1

880 north of 66th Avenue in Oakland. The CHP officer noticed that a couple in the vehicle appeared to be having a heated conversation with the right front passenger's head and hand movements appearing pronounced. The officer observed the right front passenger (Hart) strike the female driver (Olivia Rae Cartwright) with his left hand. The officer noticed Cartwright's head jerk to the left. The officer initiated a traffic stop for a violation of California Penal Code Section 242 – Battery. Upon contact with Cartwright, the officer noticed she was crying. When she got out of the vehicle, she informed the officer that Hart had struck her one time in the right cheekbone but denied any injuries or need for medical assistance. The officer observed that her skin was not broken or swollen and showed a slightly darker coloration than the rest of her face.

Cartwright explained that she and Hart were in a relationship and had traveled to a Walmart on Hegenberger Road. The two had gotten in a verbal dispute after leaving Walmart and Hart entered her vehicle with a pocket full of gift cards that he failed to purchase. Cartwright asked Hart to exit her vehicle, and he refused. A search of the vehicle revealed 30 American Express gift cards and 10 Mastercard gift cards, all of which were unopened and taken from Walmart. The cards were located under the passenger seat, under the floor mat, in the passenger side door, in the glove box, and in the passenger seat. The officer contacted Walmart and was advised that the cards had no dollar value. Hart was arrested and cited for California Penal Code Section 242 Battery and Section 488 – Petty Theft, Section 415(1) Fighting in Public and Vehicle Code Section 23103 – Warrant #44612, all misdemeanor violations.

Hart was arrested and booked at North County Jail in Oakland. On July 2, 2014, he was arraigned on the charges, but no charges were filed due to lack of evidence. As of the date of the filing of the instant Form 12, Hart had not contacted Probation Officer Cook to inform her of his arrest.

On August 7, 2014, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing.  Defendant was present, in custody, and represented by Criminal Justice Act Panel Attorney Harris Taback.  Special Assistant United States Attorney Tai Milder appeared on behalf of the Government for ASUA Christina McCall.

Probation Officer Nicole Fairchild was also present for Probation Officer Connie Cook.  For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence.  FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

Hart requests the court to release him on stringent conditions including placement at a halfway house because he always does well at halfway houses. He stated that he had a union job waiting for him and that the District Attorney did not file charges against him due to insufficient evidence. The standard applied by the District Attorney regarding whether or not to file criminal charges is quite different than that applied in a supervised release revocation proceeding. If there is probable cause to believe the defendant committed another state, federal or local crime while on supervised release, there is a presumption that there are no conditions or combination of conditions that the court can impose to mitigate the risk of flight or danger to the community. *See* 18 U.S.C. § 3148. Here, the information contained in the Form 12, also found in the CHP arrest report, provide the court with probable cause to believe that Hart committed battery – a crime of violence on his girlfriend and/or that he committed petty theft by taking about 40 gift cards from Walmart without paying for them. The District Attorney's decision not to prosecute Hart is not determinative in these proceedings. Rather, there is a presumption that no conditions or combination of conditions can be imposed to ensure that Hart will not be a risk of flight or danger to the community or another individual.

As the Government and Probation noted at the hearing, Hart was residing at a halfway house at the time of his arrest.  As such, there is no indication that placing him back in the halfway house will ensure that he will comply with the conditions of his supervised release despite his stated belief that he has done well when placed in halfway houses. In addition to the fact that he was on supervised release when the new offense allegedly occurred, his criminal history includes prior identity theft convictions, petty theft and burglary. Hart also failed to present any verification that he had a job waiting for him.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Hart has not shown by clear and convincing evidence that he is not a risk of flight or a danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 18, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4